RECEIVED

SEP 2 3 2013

THOMAS G. BRUTON
CLERK, U.S DISTRICT COURT

United States District Court
Northern District of Illinois
Eastern Division

ANTHONY G. BROWN, (#A-72335)
    Plaintiff,

13 C 6866
Judge Milton I. Shadur
Magistrate Judge Sheila M. Finnegan

— vs —

DR. Inhoff Carter, M.D. - Director
DR. Saleh Obaisi, M.D. - Director
DR. Louis Shicker, M.D. - Agency Director
DR. Arthur Funk, M.D. - Regional Director
DR. Antone Dubrick, Medical Doctor

Wexford Health Source, Inc.,
    Defendants,

COMPLAINT UNDER THE CIVIL RIGHTS ACT,
    TITLE 42 SECTION 1983

## CIVIL RIGHTS COMPLAINT

NOW COMES ANTHONY G. BROWN, (PRO-SE PLAINTIFF) #A-72335, Presently confined at STATEVILLE Correctional Center, files this CIVIL Rights Complaint under the CIVIL Rights act TITLE 42, Section 1983, against DR. Carter, DR. Obaisi, DR. Shicker, DR. FunK, and Wexford Health Sources, INC., and STATES that:

This is a CIVIL action seeking INJunctive Relief and monetary damages against the defendants for COMMITTING acts contrary to law, which deprived Plaintiff of his Rights guaranteed by the United States Constitution of America, and CIVIL Rights Act, TITLE 42, U.S.C. 1983.

I. PLAINTIFF:
  A. ANTHONY G. BROWN
  B. LIST All Aliases: NONE
  C. PRISONER NUMBER: #A-72335
  D. STATEVILLE CORRECTIONAL CENTER
  E. ADDRESS: PO BOX 112, JolIET, IL, 60434

pardon

2. DEFENDANTS:

A.) Defendant: DR. Inhoff Carter
TITLE: FORMER MEDICAL DIRECTOR
STATEVILLE C.C.,
Employed by WEXFORD HEAlth Sources, Inc,
being sued In his official/INDIVIDUAL
CAPACITY.

B.) Defendant: DR. Saleh OBaisi,
TITLE: MEDICAL DIRECTOR
STATEVILLE C.C.,
Employed by WEXFORD HEAlth Sources, Ink.,
being sued In his official/INDIVIDUAL
CAPACITY.

C.) Defendant: DR. LOUIS SHICKER,
TITLE: AGENCY MEDICAL DIRECTOR
EMPLOYED by Illinois Department of Cor-
rections, being sued In his official/
Individual capacity.

D.) Defendant: DR. ARTHUR FUNK
TITLE: REGIONAL DIRECTOR
Employed by WEXFORD HEAlth Sources, INC.,
being sued In his official/INDIVIDUAL
CAPACITY.

E.) Defendant: WEXFORD HEAlth Sources, INC.,
TITLE: PROVIDER of HEAlth CARE FOR
Illinois Department of CORRECTIONS and
being sued In their official/INDIVIDUAL
CAPACITY.

## VENUE

VENUE IS PROPER IN this DISTRICT pursuant to 28 U.S.C. Sec 1391(B) and 1391(c) because all the events OR omissions giving Rise To the Claim occurred within the Northern District of Illinois and, on Information and belief, at least defendants CARTER, OBASI, Shicker, FUNK, are believed to be domiciled In the NORTHERN DISTRICT of Illinois.

## Jurisdiction

Plaintiff Anthony G. Brown, bring this lawsuit Pursuant to Civil Rights Act, 42 U.S.C. Sec., 1983. This Court has Jurisdiction under 28 U.S.C. sec., 1331 & 1343. Plaintiff also seeks a declaratory Judgment pursuant to 28 U.S.C, Sec, 2201.

## Parties

Plaintiff Anthony G. Brown, #A-72335, was at all times pertinent to this complaint a prisoner hereinafter Incarcerated at the STATEVILLE Correctional Center Penitentiary, which is located In Joliet, Illinois.

## Parties cont...

Defendant Inhoff Carter, was at all times relevant to this complaint the on-site Medical Director at STATEVILLE Corr. Ctr., and served as the Medical authority and coordinated in the execution of duties under contract. The on-site Medical Director shall operate the health care program in accordance with STATE Regulations, and with performance-based audit Standards of the American Medical Association (AMA), American Correctional Association (ACA) and The -- Illinois Department of Corrections (IDOC).

Defendant Saleh Obaisi, was at all times relevant to this Complaint the on-site Medical Director at STATEVILLE Corr. Ctr., and serves as the Medical authority and coordinates in the execution of duties under contract. The on-site Medical Director shall operate the health care program in accordance with STATE Regulations, and with performance-based audit Standards of the American Medical Association (AMA), American Correctional Association (ACA) and The --- Illinois Department of Correction (IDOC). Defendant Obaisi, is the current on site Medical Director as of this time and date.

## PARTIES cont...

DEFENDANT LOUIS SHICKER, was and is at all times relevant to this Complaint Illinois Department of Corrections, Agency Director whose function was to oversee the actions of Medical Directors, to ensure they were carrying out there duties effectively. Defendant Shicker, has a personal Knowledge of this complaint as he was refered by Ms. Debbie Denning, IDOC Chief of Programs and Support Services, for the purpose of review and response to Plaintiff Complaint for Treatment for Hepatitis-C virus. DEFENDANT SHICKER, has done not one thing to have Plaintiff receive Treatment. All Defendant has done is written nice, very nice letters without any result. Defendant Shicker, was and presently is the IDOC Agency Medical Director during this action.

Defendant Arthur Funk, was and is at all times relevant to this complaint, Regional Medical Director WexFord Health Sources, which his functions was and is to review Medical Directors in his Regions, and to ensure they carry out there prescribed duties effectively. However Defendant Funk, is nothing more than a Company Man drawing a very large salary at the expense of the Plaintiff. PLAINTIFF Defendant Funk, Personally interviewed as a on-site physician without ANY TREATMENT having EXAMINING PLAINTIFF'S MEDICAL RECORDS. So HE IS PERSONALLY INVOLVED AND HAS KNOWLEDGE of such. However, NO ACTION FOR TREATMENT.

## PARTIES Cont...

DEFENDANT Antone Dubrick, MEDICAL Doctor hereinafter relevant to this action while acting under the color of federal and STATE law. Defendant Dubrick, was responsible for Clinic's and ensuring the health and safety and well being of prisoner's here at STATEVILLE under his supervision. DEFENDANT Dubrick, had personal Knowledge of plaintiff suffering from Hepatitis-C virus, however, he did nothing more than order more blood/Lab Tests which confirmed that Plaintiff was POSITIVE for Hepatitis-C virus. Again However, No action taken for Treatment.

## STATEMENT OF FACTS

1. Upon Information and FACTS HISTORY the Plaintiff has been diagnosed with Hepatiti-C virus, approximately June 2011.

2. Hepatitis-C virus is a disease which causes Inflammation of the Liver, usually caused by a virus also Known as (HCV). It has the potential to affect Liver functioning

3. Plaintiff Brown, has of this date received any treatment, no treat has been given to him.

<u>STATEMENT OF FACTS</u> cont...

4. In June 2011, Plaintiff Brown went to Health Care Unit (HCU) complaining of severe stomach pain, vomiting, sweating and chills. Plaintiff saw Medical Director Mr. Bautista, Dr. Bautista, examined Plaintiff and ordered a Lab test.

5. On June 16, 2011, Lab Tech, J. Wollentien, drew Blood from Plaintiff which was sent to University of Illinois Medical Center, Reference Laboratory In Chicago, Il., for testing. The Test Revealed Plaintiff was positive for IgG antibodies to HCV.

6. Throughout the remainder of 2011, plaintiff Continued to suffer severe stomach pain and was never told he tested positive for Hepatitis-C Virus.

7. On June 14, 2011, Plaintiff was seen by Dr. Schaefer, for Hypertension clinic and Plaintiff conveyed his Problems about his Stomach pains and vomiting to Schaefer, who is a Doctor. Plaintiff inquired further In asking could this be something going wrong with my Liver or something else, Dr. Schaefer, Stated that he had no control over that Issue.

8. Early 2012, the Plaintiff received copies of his Medical Records which the Lab reports revealed In fact from the Lab Tests that he was positive for hepatitis-C virus (HCV).

9. On February 28, 2012, Plaintiff was seen by DR. Antone DuBrick, for Hypertension Clinic and Conveyed to this Doctor his concerns and problems that he was having with his stomach and vomiting, and that he just found out he had tested positive for hepatitis-C virus In 2011. Dr. DuBrick, ordered more Lab and Blood work Tests with a Hep-C profile.

10. On March 13, 2012, Plaintiff had Blood taken for Hep C panel which was tested and again was the test revealed plaintiff was positive for HCV.

11. On March 16, 2012, Dr. Imhoff Carter, the Medical Director at that time stated plaintiff needs to scheduled for appointment to Inform and counsel and give educational, Information to him about Hepatitis-C virus (HCV).

12. On March 25, 2012, Plaintiff filed a grievance Regarding the refusal of the Medical Director's Dr. Bautista, and Imhoff Carter, and Dr. DuBrick, to provide him with treatment of hepatitis-C virus, and to Inform him of hep-C diagnosis, failure to educate with informational materials, for Plaintiff of his condition and failure to find cause of stomach pain, and vomiting and if It's related to Hepatitis-C virus, The grievance number is (M867) was denied by grievance officer.

13. Plaintiff filed several more grievances through-out 2012, Grievances filed on 4-2-12, 7-21-12, 9-9-12, and 11-1-12, which were all denied by the grievance officer, In regards to Hepatitis-C Virus and failure to treat Plaintiff.

14. On April 4, 2012, Plaintiff submitted numerous sick call slips to be seen in regards to his stomach pain and about his hepatitis-C virus, and all request for sick call slips were ignored by Medical staff.

15. On August 11, 2012, Plaintiff wrote Dr. Saleh OBaisi, about his hepatitis-C virus and the fact he had not received any consultation on the matter nor treatment. Plaintiff also wrote Warden Marcus Hardy, about this same matter as well and both letters went unanswered.

16. On August 26, 2012, Plaintiff again submitted a letter to Dr. Saleh OBaisi, medical director about his stomach pain and his hepatitis-C virus status inquiring why he hasn't been tested further not received any educational material and treat him for his condition. Plaintiff wrote Warden Marcus Hardy on this same issue and date with out neither a response from either one of the above-named official's.

17. On September 16, 2012, Plaintiff wrote the Director of Illinois Dept of Health Care and Family Services. Plaintiff expressed in his letter of him not being informed for well over a year of his diagnosis of Hepatitis-C virus, and that he only learned of his medical condition on his own through his medical records. Plaintiff's letter further stated that he had not received any treatment for hepatitis-C virus, and for over a (3) three week period Plaintiff was without his medication for hypertension which—

he informed Dr. OBAISI, of who had yet to take any action. As a direct results of not receiving his medication for hypertension his legs were swollen and he was suffering from dizziness and acute painful headaches.

18. On December 24, 2012, Plaintiff received a letter from Dr. Louis Shicker, Agency Medical Director (IDOC) In regards to his letter dated 9-16-12, to Illinois Dept. of Health Care and family service. Dr. Shicker, stated that "It may turn out that any delay in treatment that may have occurred may actually work to your advantage as there are newer and more effective Treatments for hepatitis-C virus. Dr. Shicker, stated that Dr. OBAISI would do a work up to determine eligibility for hepatitis-C virus clinic. Shicker, addressed the hypertension problem saying it is unclear to him where a problem may have existed saying plaintiff received his medication despite for ③ three weeks he went without his medication ???"

19. On information and facts, approximately October 2012, Plaintiff was seen by Dr. OBAISI, at which time OBAISI, Scheduled Plaintiff to go see a Hematologist at — — THE UNIVERSITY of Illinois, Chicago, Il.,

20. On November 1, 2012, Plaintiff went to The University of Illinois, Hematology-oncology department. Dr. V. Gordeuk, didn't understand why Plaintiff was sent there for hep-c, virus. Instead Plaintiff should have been schedule to see a hepatologist.

21. In or around January 2013 Plaintiff was present at the health care unit and spoke with Physician Assistant Ms. LaTanya Williams, while he was in the HCU Bullpen. Plaintiff/Ms. Williams, if she could look at his blood work and Lab Tests to determine if he had any indication of Liver Problems since he has been diagnosed with Hepatitis-C Virus. Ms. Williams, expressed that she would have to get Plaintiffs file and see, Ms. Williams, called Plaintiff out of the bullpen and told him his AST was 60, and ALT-60 and reference range was (0-40), so Plaintiff was well over the reference range which defines Liver Problems. Williams, expressed that Plaintiff should submit a request to see Dr. OBAISI.

22. Plaintiff continued to forward request slips and letters to the healthcare Unit and Dr. OBAISI, regarding Stomach Pains and treatment for his hepatitis-C virus condition without no answer.

23. Far back as of 2009, Plaintiff's (AST and ALT) levels were recorded as high for high Liver levels which was never told to Plaintiff. In 2009, on three (3) different Blood Tests Showed Plaintiff's (AST OR ALT) Levels were very high. Again in 2010, AST Levels were high. In 2011, on three (3) different Blood Tests showed Plaintiff's (AST OR ALT) Levels were high, and none of these results from the Lab Tests were ever told to Plaintiff nor any indication conveyed to Plaintiff of any hepatitis-C Virus Treatment ever offered to him.

24. On March 24, 2013, Plaintiff wrote Dr. OBAISI, in reference to his hepatitis-C virus and treatment. OBAISI, had assured Plaintiff that he would receive treatment, yet Plaintiff has not received any treatment.

25. On March 24, 2013, Plaintiff wrote Dr. Louis Shicker, The Illinois Department of Corrections, Agency Medical Director, in regards to Dr. OBaisi, telling Plaintiff he would receive a biopsy on his liver in reference to his hepatitis-C virus, and Plaintiff receiving treatment. Plaintiff Dr. Shicker, for his help getting treatment. Dr. Shicker, stated in a response on May 14, 2013, that the "IDOC, follows established clinical guidelines regarding the workup and treatment of offenders with hepatitis-C." Dr. Shicker, further stated Plaintiff will be followed in the hepatitis-C clinic, and re-biopsy consideration at a later date. Yet Plaintiff has never been seen at STATEVILLE's hepatitis-C clinic, or ever received a Biopsy???

26. On March 5, 2013, Plaintiff was seen by Dr. OBaisi, who explained to him that he would not be receiving any further follow up treatment for hepatitis-C virus, because of the expensive cost associated with this treatment for hepatitis-C virus. Yet Plaintiff has never received any kind of treatment for hepatitis-C virus prior to 3-5-13, or on 3-5-13.

27. On April 21, 2013, Plaintiff wrote Dr. OBaisi, in reference to hepatitis-C virus, the Plaintiff in such letter expressed to Dr. OBaisi, that he was still suffering from abdominal pain, fatigue, nausea, and pleaded with OBaisi, for treatment for hepatitis-C virus. This letter too again went unanswered and received no such response, and Plaintiff never received any treatment either.

28. On June 2, 2013, Plaintiff wrote Dr. Shicker, once again pleading for help in receiving treatment for hepatitis-C virus. Plaintiff wrote a lengthy four(4)-page letter to Mr. Shicker, conveying that he has not received any treatment for hepatitis-C virus, and the constant pain from abdominal pain, fatigue and nausea. He further reference back to Mr. Shicker's, letter dated May 14, 2013 to Plaintiff as well. Plaintiff informed Dr. Shicker that he was not being seen in hepatitis-C virus clinic nor receiving any form of treatment.

29. On June 10, 2013, through June 29, 2013, Plaintiff wrote sick call slips to health care for treatment for hepatitis-C virus and spoke directly with Dr. Obaisi, and Dr. Davis, during hypertension clinic visits about his hepatitis-C virus, and treatment. Dr. Davis refused to even respond to Plaintiff about hepatitis-C virus.

30. Throughout all of 2012, through June 2013, Plaintiff's blood levels AST and ALT levels have been remarkably high. Defendants Obaisi, Funk, Shicker and Wexford, all are aware of the high levels as identified in Plaintiff's lab reports. Yet nothing is being done to treat Plaintiff's hepatitis-C virus. Plaintiff continues to be delayed, deprived, and denied his rights to seek such treatment for his condition.

31. Defendants Obaisi, Shicker and Wexford have constantly ignored the facts that all Plaintiff's lab reports show a consistantly pattern of high or low blood levels for cholesterol, neutrophil, lymphocyte and blood glucose, as with AST and ALT levels these defendants have basically ignored and denied Plaintiffs health. In all,

-14-

32. On June 27, 2013, defendant Shicker sent Plaintiff a letter in response to Plaintiffs letter dated June 2, 2013; Shicker, stated to Plaintiff in reference to hepatitis-c virus treatment question "stating per our current guidelines that are based on national standards" you do not meet the criteria for treatment while incarcerated at this time". This was Dr. Shicker's complete statement. However, this is shocking in the face of all of the facts from the Lab tests and report which clearly indicate that Plaintiff's AST and ALT were constantly higher than the national standard range. Again despite plaintiff's AST and ALT levels being well higher than the national standard range, Shicker, is well mis informed about hepatitis-c virus treatment, to state that Plaintiff isn't of criteria.???

33. Plaintiff in his most recent letter dated August 4, 2013, wrote Shicker, again expressing sadness and disappointment and dissatisfaction by his response to his four (4) page letter seeking to receive treatment for hepatitis-c virus. Plaintiff requested Shicker, for a copy of the National Guidelines Standards that he (Shicker) was using to deny and deprive Plaintiff treatment. Dr. Shicker, as of this date has failed to provide such information.

## COUNT I

Deprivation of Eight amendment Rights under title 42 U.S.C. 1983, for denial of adequate treatment for Plaintiff's Medical condition.

34. Plaintiff realleges paragraphs (1) one through (33) thirty-three as if fully set forth herein.

35. Plaintiff suffers from the hepatitis C virus, which has the potential to affect liver functioning.

36. For over the past four (4) years, all defendants have failed to inform Plaintiff, that he has the hepatitis-C virus, and to provide adequate treatment for the virus. The failure to provide sufficient medication to alleviate Plaintiff's pain, nose bleeds and headaches on a daily basis was objectively and sufficiently serious to constitute the denial of the minimal civilized measures of life's necessities.

37. Upon information and facts, all defendants were aware that Plaintiff suffered from the hepatitis-C virus.

38. Upon information and facts, all defendants were aware that the denial of treatment of Plaintiff's hepatitis-C virus would lead to increased pain and suffering and could potentially worsen his condition.

39. Upon information and facts, all defendants were aware that Plaintiff was being denied access to the hepatitis-C chronic clinic and prescribed treatment / or medication capable of alleviating Plaintiff's pain and suffering.

40. Upon information and fact, all defendants were aware that Plaintiff continued to suffer from pain from 2009, through 2013, without any form of treatment.

41. Upon information and fact, all defendants acted with deliberate indifference to Plaintiff's medical needs and treatment by failing to provide and or delaying Plaintiff adequate medical care to treat his hepatitis-C virus over a (4) four year period???

42. Upon information and fact, the acts and omission, or lack there of, of all named defendants have caused Plaintiff physical injury and mental anguish, and have subjected to an undue burden which is cruel and unusual punishment in violation of the (8ᵗʰ) eight amendment to the United States Constitution of America.

## Count - 2

Deprivation of the eight (8ᵗʰ) amendment rights under Title 42 U.S.C. 1983, by Wexford Health Source, Inc., for denial of adequate medical care to treat Plaintiff's medical condition.

43. Plaintiff realleges paragraph (1) one through (42) forty-two as if fully set forth herein.

44. Upon information and facts, during the period between 2009 through 2013, Wexford either had a policy, or alternatively adopted a custom that infringed upon the (8ᵗʰ) eight amendment rights of the Plaintiff by 1) Refusing to diagnose or inform Plaintiff of a serious medical condition hepatitis-C virus. 2) Refuse to provide treatment of hepatitis-C virus, and access to hepatitis-C virus chronic clinic due to cost saving measures.

-17-

45. Upon information and fact and as alleged in Paragraphs (1) one through (44) forty-four, at least defendants Carter, Obaisi, Funk, Schaefer, and Dubrick, who are all Wexford employees, have been deliberately indifferent to Plaintiff's serious medical needs and have subjected Plaintiff to cruel and unusual punishment in violation of the (8th) eight amendment to the United States Constitution of America.

46. Upon information and fact, the conduct or lack thereof from Wexford employees Carter, Obaisi, Funk, Schaefer and DuBrick, have established a pattern or custom of being deliberately indifferent by refusing to diagnose, inform or provide adequate treatment for his (Plaintiff's) serious medical condition such as hepatitis-C virus. And one of the main reason for not treating Plaintiff for hepatitis-C virus, is the purpose of saving money due to the expensive cost to treat hepatitis-C virus.

47. Upon information and fact, this custom of deliberately indifference conduct was sufficiently open and obvious that the individuals at Wexford responsible for policy-making or oversight were, or should have been, aware of it.

48. Upon Information and belief, the In action, or insufficient action taken by the Individuals at the policy making level of Wexford to remedy this custom resulted in Wexford's adoption or encouragement of its employee's deliberately indifferent treatment of Plaintiff's hepatitis-C virus.

<u>Relief:</u>

Wherefore, Plaintiff prays this Honorable Court:
a. Declares that the acts and omissions described herein violated Plaintiff's rights under the Constitution and the laws of the United States;
1. Award Plaintiff Injunctive Relief by: Immediately providing plaintiff with adequate long-term treatment for his hepatitis-C virus.
2. Order Defendants to pay compensatory and punitive damages, in an amount to be determined at trial.
3. Award punitive damages to plaintiff for suffering mental anguish, pain and suffering to body and mind in an amount to be determined at trial.
4. Award such other and additional relief that this Honorable Court deems just and equitable, and a trial by Jury
5. Order Defendants to pay reasonable attorney fees and costs.

The Plaintiff demands that the case be tried by a Jury.

Yes ☒

## Certification

By signing this complaint, I certify that the facts stated in this Complaint are true to the best of my Knowledge, Information and belief. I do in fact understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____23rd_____ day of _August_, 2013

_Anthony G. Brown_
(Plaintiff)

_Anthony G. Brown_

#A-72335  Stateville Corr. Ctr.,
(I. D. Number)
P.O. Box 112  Joliet, Illinois 60434
(Address)

AFFIDAVIT IN SUPPORT

I, Anthony G. Brown, affiant/Plaintiff in this Civil Rights Acts, 42 U.S.C. sec., 1983, Complaint do declare under penalty of Perjury that it is both true and correct in substance and fact Pertinent to the issues contained herein.

1. Affiant contends that he has exhausted all administrative remedies in this matter. Affiant has exhausted his grievance requirements and is compelled to bring this action for injunctive and compensatory damages.

2. Affiant has submitted several requests, grievances, and letters seeking Medical treatment for Hepatitis-C virus, without any Medical treatment provided as of this date.

3. Affiant asserts at no time pertinent to this complaint has he received any Medical treatment for HCV.

4. Affiant has suffered and continues to suffer with both of his legs, swollen, acute lower back pain, persistent fever, sweating, vomiting, blurred vision, abdominal pain that causes a great deal of discomfort. I am constantly fatigue and nausea, my urine is very dark in color.

5. Affiant asserts both Dr.'s Obaisi and Shicker have prior knowledge of my serious medical issues, through complaints, grievances, letters, and requests so they are without excuse in not acting reasonably to providing me medical treatment.

6. Affiant asserts that on 3-5-13, Obaisi, stated that I would not receive any further follow up treatment for HCV. I insisted that I had not even began treatment yet. Dr. Obaisi, began to express the cost of the treatment and the expense associated with this kind of treatment.

7. Affiant asserts as a direct result of these decision of intentionally denying me access to medical treatment is cruel and unusual punishment in that this is causing me additional pain and suffering, listed-above and making my condition worsen which may cause even more new medical problems that I didn't have before.

8. Affiant contends that he is suffering from the combination of all the above-listed nagging ailments, that I have not been able to sleep for days, nor walk, sit or even eat. In short I'm suffering.

I, _Anthony G. Brown_ do declare under penalty of perjury that the above is true. 28 U.S.C. 1746

_Anthony G. Brown_
Anthony G. Brown

8-23-13
DATE