```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

ANTHONY G. BROWN #A-72335,  )
                            )
            Plaintiff,      )
                            )
     v.                     )    No.  13 C 6866
                            )
DR. INHOFF CARTER, M.D.,    )
et al.,                     )
                            )
            Defendants.     )

<u>MEMORANDUM ORDER</u>

This Court has just received assignment, via this District Court's random assignment system, of a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint brought by Anthony Brown ("Brown") against a number of doctors and Wexford Health Source, Inc., in which Brown charges a violation of his constitutional rights through defendants' assertedly deliberate indifference to his serious medical needs--a doctrine articulated in the seminal decision in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and more recently elaborated in another leading case from the highest authority, <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). As is often encountered in such pro se actions brought by prisoners, Brown has accompanied his Complaint with two Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

This Court has conducted the preliminary screening called

for by 28 U.S.C. §1915A(a),[1] and it finds Brown's charges both serious enough and plausible enough (the latter determination being called for by the Twombly-Iqbal canon) to justify going forward. This memorandum order will therefore provide for the initial step to be taken in that regard, even though this Court is unable to comply with Section 1915's requirements at this time.

In that latter respect, the already-provided printout of transactions in Brown's account at Stateville Correctional Center ("Stateville," where he was in custody at the time of the events complained of in his Complaint and where he is still in custody) does not conform to the requirement of Section 1915(a)(2). Hence this Court cannot now make the calculation called for by Section 1915 for the special type of in forma pauperis ("IFP") status that it prescribes for prisoner plaintiffs. But given the serious nature of Brown's stated grievance, this Court grants Brown's Application now on the premise that the deficiency referred to above can and will be cured promptly.

Accordingly the following member of this District Court's trial bar is designated to serve as Brown's counsel on a pro bono publico basis:

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

2

>   Bartholomew B. Torvik, Esq.
>   Torvik Law LLC
>   P.O. Box 6062
>   Evanston IL 60204-6062
>   (847) 986-8568

This Court is contemporaneously issuing an initial scheduling order, in anticipation of which the designated counsel should promptly seek to make arrangements for the service of process on the several named defendants.[2]

To return to the subject of the Application, Section 1915(a)(2) calls for information as to trust fund account transactions "for the 6-month period immediately preceding the filing of the complaint." In this instance the printout goes back far enough (the initial entry is dated March 8, 2013), but it reflects transactions only through August 28, while Brown's papers were not received in the Clerk's Office until September 23. For filing purposes Brown is entitled to the benefit of the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)), but nothing submitted to this Court accounts for the substantial gap between August 28 (or August 31, which is when Brown signed the motion) and an effective date between three and four weeks later.

So Brown is ordered promptly to supplement his prior filings

---

[2] To that end, the designated counsel should communicate with the Illinois Attorney General's office if he is not already familiar with the procedures that have been established for service in these cases, where efforts are made to keep the locations of defendants' residences from becoming a matter of public information.

with (1) his statement as to the effective date for the "mailbox rule" (the date when he mailed the papers or delivered them to the prison authorities for mailing) and (2) an extension of the trust fund account statement to cover whatever added time is necessary to account for the effective date referred to earlier in this sentence. As soon as this Court gets that added information, it plans to issue a further memorandum order making the calculation and establishing the further procedures called for by Section 1915.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 1, 2013