IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY G. BROWN #A-72335,   )
                             )
            Plaintiff,       )
                             )
      v.                     )   No. 13 C 6866
                             )
DR. INHOFF CARTER, M.D.,     )
et al.,                      )
                             )
            Defendants.      )

                    MEMORANDUM ORDER

When Anthony Brown ("Brown") submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint asserting that he had been the victim of deliberate indifference to his serious medical needs, this Court followed its uniform practice of conducting the prompt preliminary screening called for by 28 U.S.C. §1915A(a),[1] and it issued an October 1, 2013 memorandum order ("Order") in which "it [found] Brown's charges both serious enough and plausible enough (the latter determination being called for by the Twombly-Iqbal canon) to justify going forward." Accordingly, even though Brown had not provided all of the information called for by Section 1915 to permit the calculation required for the special type of in forma pauperis ("IFP") status prescribed for prisoner plaintiffs, this Court:

>    1. granted Brown's IFP Application ("Application") "on the premise that the deficiency referred to above can and

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

will be cured promptly,"

    2. designated a member of this District Court's trial bar to serve as Brown's counsel on a pro bono publico basis and

    3. contemporaneously issued an initial scheduling order, with the designated pro bono counsel expected to make arrangements for service of process on the several named defendants.

At the same time the Order went on to require Brown to cure his own deficiency:

> So Brown is ordered promptly to supplement his prior filings with (1) his statement as to the effective date for the "mailbox rule" (the date when he mailed the papers or delivered them to the prison authorities for mailing) and (2) an extension of the trust fund account statement to cover whatever added time is necessary to account for the effective date referred to earlier in this sentence. As soon as this Court gets that added information, it plans to issue a further memorandum order making the calculation and establishing the further procedures called for by Section 1915.

But Brown has done nothing whatever in the ensuing 20+ days, demonstrating that "no good deed goes unpunished." Under the circumstances where this Court has demonstrated special solicitude toward Brown's problem, his reciprocal compliance with a direct court order is the least that could be expected.

    Accordingly Brown is granted until November 8, 2013 to comply with the quoted directive. If this Court has not received the required information by that date, this action will be

dismissed for want of prosecution.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 23, 2013