IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY G. BROWN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 6866 |
| | ) | |
| **DR. IMHOTEP CARTER**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Counsel for defendant Anton Dubrick have filed an Answer to the Complaint brought against Dr. Dubrick and other defendants by Anthony Brown ("Brown"). Because that responsive pleading is flawed in more than one respect that requires counsel to return to the drawing board, this memorandum order strikes Dr. Dubrick's Answer sua sponte.[1]

To begin with, defense counsel have completely ignored the requirement of this District Court's LR 10.1, which has as its obvious goal the convenience of the reader in not having to flip back and forth between two separate pleadings to determine just what is and what is not put in issue between the litigants. That provision must be adhered to in the replacement pleadings called for as to the two doctors referred to (1) in the first paragraph of the text and (2) in n. 1, except that neither of those defendants will be required to respond to the "Parties" section of Brown's pro se Complaint that identifies defendants other than the pleader.

---

[1] Indeed, the same law firm had filed an answer a few weeks ago on behalf of another client -- Dr. Imhotep Carter -- that contained the same errors, but this Court had forgone the issuance of a corrective order even though one was appropriate. Because the two responsive pleadings are pretty much mirror images of each other, Dr. Carter's answer is stricken as well (two for the price of one).

Next, defense counsel follow each of their myriad disclaimers, which invoke the language of Fed. R. Civ. P. ("Rule") 8(b)(5) as the basis for not complying with Rule 8(b)(1)(B)'s requirement as to many of Brown's allegations, by adding the phrase "and as such, presently denies the same." But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of each Answer.

Next, to the extent that defense counsel do not rely on the Rule 8(b)(5) disclaimer, they regularly deny a flock of Brown's allegations "as they state certain inaccuracies and do not fully and accurately describe the Plaintiff's alleged medical condition." That usage frustrates the basic purpose of federal pleading, which (as already indicated) is intended to apprise opposing counsel and this Court as to the respects in which the parties are at odds with each other -- such generalized statements as set out in the above-quoted language do not conform to the notice pleading concept that is incumbent on plaintiffs and defendants alike.

Finally, this Court will not address all problematic aspects of some of the affirmative defenses advanced in the Answer -- but one of them, Brown's asserted failure to have exhausted available administrative remedies as called for by 42 U.S.C. § 1997e(a), should be presented front and center. In that respect it would appear that a Pavey hearing is required (see Pavey v. Conley, 544 F. 3d 739, 742 (7th Cir. 2008)). With this Court having appointed counsel to represent Brown, that lawyer and defense counsel are directed (a) to confer on that subject

promptly and (b) to report to this Court with their recommendations as to the timing and conduct of a Pavey hearing.

                                                                          _____
                                                                          Milton I. Shadur
                                                                          Senior United States District Judge

Date:  February 3, 2014